■ In the Matter of the Claims of THOMAS ANDRZEJEWSKI et al., Respondents, v. BOARD OF CO-OPERATIVE EDUCATIONAL SERVICES, 1ST SUPERVISORY DISTRICT, ERIE COUNTY, Appellant.— Order unanimously modified in accordance with the memorandum herein, and as so modified affirmed, without costs. Memorandum: The infant plaintiff, approximately nine years old, was injured while attending class in a school owned by the Hamburg Central School District. A timely notice of claim was filed against the School District but not against the Board of Co-Operative Educational Services which was the employer of the school teacher. The plaintiffs claim that they did not learn until more than 90 days after the accident that the teacher of the class was not an employee of the School District but was an employee of the defendant Board of Co-Operative Educational Services. Under the circumstances of this case, there is a cognizable relation between the infancy and the failure to file a notice within 90 days (*Matter of Borowski* v. *Town of Clarence*, 19 A D 2d 580; *Matter of Harden* v. *Village of Akron*, 32 A D 2d 610.) The failure to file was attributable at least in part to the disabilities and limitations inherent in his infancy. (*Matter of Klee* v. *Board of Co-Operative Educational Servs.*, 25 A D 2d 715; *Matter of Esslie* v. *Central School Dist. No. 1*, 20 A D 2d 748; *Matter of Pandoliano* v. *New York City Tr. Auth.*, 17 A D 2d 951.) The infant's motion was properly granted. However, there is no basis in the record for permitting the father to serve a notice of claim and his motion should be denied. (Appeal from order of Erie Special Term permitting late filing of claims.) Present— Del Vecchio, J. P., Marsh, Moule, Bastow and Henry, JJ.